ESTATE OF MILTON JOHN LAMPROS, DECEASED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Lampros v. Commissioner
Docket No. 18214-84.
United States Tax Court
T.C. Memo 1986-564; 1986 Tax Ct. Memo LEXIS 47; 52 T.C.M. (CCH) 1078; T.C.M. (RIA) 86564; November 24, 1986. Charles Williams, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556) and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. *48 OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on respondent's Motion For Summary Judgment, filed October 22, 1985. BACKGROUND
In a notice of deficiency dated March 21, 1984, addressed to Milton J. Lampros and Edna M. Lampros, respondent determined deficiencies in their joint Federal income tax and additions to tax under section 6653(b) for the taxable years 1980 and 1981 as follows: Addition to Tax
Taxable Year
Deficiency
Section 6653(b)
1980
$4,214.00 $2,107.00 1981
7,159.00
3,579.50
On June 11, 1984, Milton John Lampros filed a petition with the Court solely on his behalf seeking a redetermination of the deficiencies and additions to tax determined by respondent. On August 14, 1984, respondent filed an answer in which he set forth the facts on which he relies to sustain his burden of proof with regard to the additions to tax under section 6653(b). Inasmuch as petitioner failed to file a reply as required by Rules 37(a) and (b), respondent, on November 8, 1984, filed a Motion For Entry Of Order That Undenied Allegations In Answer Be Deemed Admitted. On November 9, 1984, the *49 Court notified petitioner that respondent filed a Motion For Order Under Rule 37 and informed petitioner that if he filed a reply on or before November 29, 1984, respondent's motion would be denied, and if petitioner failed to file a reply, the Court would grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer. The notice was returned to the Court by the United States Postal Service in the envelope which was stamped "deceased". By order dated December 11, 1984, the Court directed respondent to file, on or about April 30, 1985, a report with the Court (1) confirming petitioner's demise; (2) advising the Court of the likelihood that the deceased petitioner's estate would be probated and a representative appointed under state law; and (3) listing the names and addresses of petitioner's heirs-at-law in the event that a representative was not appointed. We held respondent's pending Rule 37(c) motion in abeyance until the receipt of the report. In compliance with our order, respondent, on March 29, 1985, reported that: (1) petitioner died intestate on October 12, 1984, in Toledo, Ohio; (2) Edna M. Lampros, petitioner's surviving *50 spouse, was appointed administratrix of petitioner's estate on February 25, 1985; and (3) petitioner's heirs-at-law were his surviving spouse, five sons and daughter. In response to respondent's report, the Court, on April 29, 1985, ordered that respondent serve each of petitioner's heirs-at-law with a copy of respondent's answer and Rule 37(c) motion. Further, the Court ordered petitioner to show cause why respondent's Rule 37(c) motion should not be granted.The show cause order was called from the motions session calendar of the Court held on June 5, 1985, in Washington, D.C. for hearing. No appearance was made by or on behalf of deceased petitioner and no response to the Court's April 29, 1985 Order To Show Cause was filed by any of decedent's heirs-at-law. Counsel for respondent appeared and was heard. The Court, in an order dated June 5, 1985, made absolute the Court's Order To Show Cause dated April 29, 1985, and granted respondent's Motion For Entry Of Order That Undenied Allegations In Answer Be Deemed Admitted, filed November 8, 1984. As a result of our order, the allegations of fact contained in subparagraphs (a) to (n), inclusive, of paragraph 6 of the respondent's *51 answer filed August 14, 1984, are deemed admitted for purposes of this case. The Clerk of the Court was directed to serve a copy of the order and accompanying memorandum sur order on the heirs-at-law of the deceased petitioner. On October 22, 1985, respondent filed his Motion For Summary Judgment pursuant to Rule 121(a). Petitioner was served notice that the motion was calendared for hearing at 10:00 a.m. on December 11, 1985, at the Tax Court in Washington, D.C. The motion was called from the calendar and counsel for respondent appeared and was heard. There was no appearance on behalf of petitioner and no written statement pursuant to Rule 50(c) was filed on behalf of petitioner in lieu of an appearance. We now proceed to respondent's Motion For Summary Judgment. The following findings of fact are based upon the entire record, including the affirmative allegations of fact set forth in respondent's answer deemed admitted by our June 5, 1985 order. FINDINGS OF FACT Petitioner, at the time of the filing of the petition herein, resided in Toledo, Ohio. On petitioner's joint Federal income tax return for 1980 and 1981, he failed to report the following wage, interest, and *52 unemployment compensation income: 1980
1981
Type of Income and Source
Wages: Cherne Contracting Corporation
$10,618.00
Union Boiler Company
1,721.00
Millwrights Local No. 1102
$1,714.00
Subtotal
$12,339.00
$1,714.00
Interest: Ferndale Co-op Credit Union
63.00
357.00
Monroe County Bank
1,270.00
$1,379.00
Monroe Bank and Trust
35.00
Subtotal
$ 1,333.00
$1,771.00
Unemployment Compensation: Michigan Employment Services
1,190.00
Total Unreported Income
$14,862.00
$3,485.00
Petitioner received W-2 forms from each of the employers listed above. Petitioner also received Forms 1099 from each of the financial institutions listed above and also received a Form 1099-UC from Michigan Employment Services for 1980. For 1980, petitioner, fraudulently and with intent to evade tax, submitted a false Form W-4 dated April 10, 1980, to Cherne Contracting Corporation on which he claimed exempt status in order to reduce the amount of Federal income tax to be withheld from his wages. Petitioner also fraudulently and with intent to evade tax, submitted a false Form W-4 dated June 17, 1980, to Union Boiler Company on which he claimed *53 exempt status in order to reduce the amount of Federal income tax to be withheld from his wages. No income tax was withheld with respect to petitioner by Cherne Contracting Corporation for 1980 and by Union Boiler Company for 1980. Petitioner Fraudulently and with intent to evade tax understated his taxable income and his income tax liabilities for the taxable years 1980 and 1981 in the following amounts: Taxable
Understatement of
Understatement of
Year
Taxable Income
Tax Liability
1980
$18,013.02 $4,214.00 1981
25,667.72
7,159.00
Petitioner fraudulently, with intent to evade income tax, overstated his claimed medical expense deduction and claimed union dues deduction on his 1981 income tax return in order to reduce his income tax liability. A part of the understatement of tax required to be shown on petitioner's income tax returns for 1980 and 1981 is due to fraud. OPINION Rule 121 provides that a party may move for summary judgment upon all or part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) provides for summary adjudication if "the pleadings, answers to interrogatories, depositions, *54 admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The burden of proving that there is no genuine issue of material fact is on the moving party. ; . The factual allegations in the answer with respect to respondent's determination of a deficiency in income tax for the taxable years 1980 and 1981 have been deemed admitted by our order dated June 5, 1985. Petitioner has admitted the understatement of taxable income and the understatement of income tax liability for the years 1980 and 1981 in the amounts determined by respondent in his notice of deficiency. Accordingly, we conclude that there is no genuine issue of material fact with respect to the deficiency determinations and respondent is entitled to a judgment respecting those determinations as a matter of law. With respect to the additions to tax under section 6653(b), the burden of proof is on respondent to prove by clear and convincing evidence *55 that underpayments exist and that a part of the underpayment of tax for each year is due to fraud with the intent to evade tax. Section 7454(a); Rule 142(b); . Respondent's burden can be satisfied through the undenied facts deemed admitted under Rule 37(c). . [2] The material factual allegations in the answer with respect to fraud that have been deemed admitted clearly and convincingly establish that for the taxable years 1980 and 1981 an underpayment of tax exists and that some part of the understatement of income tax was due to fraud with the intent to evade tax. Accordingly, since there is no genuine issue as to any material fact present in the record, respondent is entitled to judgment as a matter of law and his motion for summary judgment will be granted. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise noted.↩
2. See also ; and cases cited therein at n.8.↩